UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:                                              Case No. 05-82072
                                                    Chapter 7
LYDIA A. CARLISLE,

    Debtor.


# ORDER GRANTING DEBTOR'S
# MOTION TO REDEEM COLLATERAL

On April 21, 2010, the debtor filed a motion to redeem her 2003 Chevrolet Cavalier from the lien of CitiFinancial Auto Corporation (Doc. #68). On April 28, 2010, CitiFinancial Auto filed an objection to the debtor's motion (Doc. #69). The matter came on for hearing on May 13, 2010.

The relevant facts are few and undisputed. This case was originally filed on October 15, 2005, as one under chapter 13. While in chapter 13, the debtor's plan provided for CitiFinancial Auto's secured claim and valued the collateral at $8,000. As of the date of filing, the debt owed to CitiFinancial Auto was approximately $10,756. Over the course of the chapter 13 case, CitiFinancial Auto was paid $8,383.24 on its claim. The debtor converted the case to chapter 7 on February 25, 2010.

The debtor contends that because CitiFinancial Auto was paid more than the value of its collateral in the preceding chapter 13 case, the vehicle was effectively redeemed from CitiFinancial Auto's lien. CitiFinancial Auto, however, contends that in order to redeem the collateral, the debtor must pay the remaining balance of its claim of $3,063.98.

The answer to this dispute turns on the timing of the filing of the debtor's original case. By filing the case on October 15, 2005, this case is not subject to the changes made to 11 U.S.C. § 348 by the *Bankruptcy Abuse and Consumer Protection Act of 2005*, Pub. L. 109-8 ("BAPCPA"). The effective date for the Section 348 amendments under BAPCPA was October 17, 2005.

Post-BAPCPA, Section 348 provides that when a chapter 13 case is converted:

> valuations of property and of allowed secured claims in the chapter 13 case shall apply only in a case converted to a case under case under chapter 11 or 12, but *not in a case converted to a case under chapter 7*, with allowed secured claims in cases under chapters 11 and 12 reduced to the extend that they have been paid in accordance with the chapter 13 plan....

11 U.S.C. § 348(f)(1)(B) (emphasis added). Hence, in order to redeem the vehicle from CitiFinancial Auto's lien if the current version of Section 348 were to be applied in this case, the debtor would be required to pay the lesser of the collateral value or the remaining debt. However, the post-BAPCPA Section 348 does not apply here.

The pre-BAPCPA version of the relevant part of Section 348 provided:

> valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the chapter 13 plan.

Former 11 U.S.C. § 348(f)(1)(B). Thus, the debtor in this case is entitled to credit against the collateral value the amounts paid to the creditor in the preceding chapter 13 case. For these reasons, it is

ORDERED that the debtor's motion to redeem her 2003 Chevrolet Cavalier from the lien of CitiFinancial Auto is GRANTED without the necessity of paying anything further on the claim.

Done this the 14th day of May, 2010.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
Charles M. Ingrum, Jr., Debtor's Attorney
Paul J. Spina, III, CitiFinancial's Attorney